**Yash Paul HAMPAUL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70696.

United States Court of Appeals, Ninth Circuit.

Submitted May 27, 2004.*

Decided Nov. 4, 2004.

tion and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, OIL, Washington, DC, for Respondents.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Yash Paul Hampaul petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the ruling of the Immigration Judge ("IJ") that, because his testimony was not credible, Hampaul was not eligible for asylum or voluntary departure. Because the credibility finding is not based on substantial evidence, we reverse and remand.

** This disposition is not appropriate for publication and may not be cited to or by the

The BIA adopted the IJ's credibility determination. We therefore "look through the BIA's decision to examine the IJ's reasons for deeming the person not credible." *Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000). The credibility finding must be based on substantial evidence, made on an individualized basis, and supported by specific reasons for disbelieving Hampaul's testimony. *See id.* "Speculation and conjecture cannot form the basis of an adverse credibility finding." *Ge v. Ashcroft,* 367 F.3d 1121, 1124 (9th Cir. 2004) (quotations omitted). Hampaul testified through an interpreter, and "asylum hearings frequently generate mistranslations and miscommunications." *Bandari,* 227 F.3d at 1166 (quotations omitted).

█ The IJ characterized Hampaul as "extremely vague" about which academic subjects he taught. This characterization is not supported by the transcript, which shows only some confusion, and at any rate what subjects Hampaul taught is not central to his claim. Hampaul was not "evasive and general" in his testimony about the elections that he worked in. His testimony was completely consistent with his declaration, and again he did not claim his election duties were the basis for his political persecution. His declaration may have collapsed two beatings during his second arrest into one, but this is not sufficient to discredit his testimony. A minor inconsistency in describing persecution cannot form the basis of an adverse credibility finding. *See id.* at 1166.

█ The IJ also found it inconsistent that Hampaul's declaration stated that the 30,000 rupee bribe was paid by his family and at the hearing he explained that they had used a political official as a middleman. This is not inconsistent. *See id.* at

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1167 (no conflict to say family paid a bribe and also that bribe was paid through an official). The IJ improperly relied on speculation to surmise what consular officials would do if told Hampaul planned to visit his son, and there is not enough difference between a "false" and "fraudulent" passport and visa to make his testimony inconsistent with his charge. Hampaul's testimony that he threw the old passport away is consistent with his explanation that he told the agent he didn't need it and the agent then discarded it.

That letters from those who helped Hampaul obtain his releases from his arrests only mention one of the two arrests is not a reason to doubt them, as each letter described only the arrest of which the writer had personal knowledge. That letters are "often subject to being manipulated or fabricated" is not a sufficient reason to doubt Hampaul's documents.

■ Hampaul did testify inconsistently on whether he called or wrote his wife to get his supporting documents and did state that he called her from home and that he called her from a friend's house. Even the IJ, however, acknowledged that this was not "even all that important."

There was not substantial evidence to support the adverse credibility finding. We therefore accept Hampaul's testimony as true. *See Ge*, 367 F.3d at 1127. Because the BIA did not address the merits of his application, we remand to the BIA for further consideration and investigation in light of our ruling that Hampaul is credible. *See id.*\*\*\*

---

\*\*\* Hampaul cannot now make a claim under the Convention Against Torture because he failed to raise the issue before the IJ or before the BIA while his appeal was pending. *See Guo,* 361 F.3d at 1199 n. 1.

**PETITION FOR REVIEW GRANTED AND REMANDED.**